Michael **RINEHART** et al., Plaintiffs,

v.

Lou V. **BREWER** et al., Defendants.

Civ. A. No. 77–244–2.

United States District Court,
S. D. Iowa, C. D.

Jan. 16, 1980.

---

Prisoner Assistance Clinic, College of Law, University of Iowa, Philip B. Mears, Iowa City, Iowa, for plaintiffs.

Thomas J. Miller, Atty. Gen., State of Iowa, Jonathan Golden, Asst. Atty. Gen., Des Moines, Iowa, for defendants.

## RULING AND ORDER

STUART, Chief Judge.

On June 27, 1979, Elmer Matthews, Allen Langley, and Paul Morton filed a Motion for Order to Show Cause why David Scurr, Warden at the Iowa State Penitentiary, and other prison officials should not be held in Contempt of Court pursuant to Federal Rule of Civil Procedure 71 (hereinafter the above-named movants shall be referred to as "plaintiffs", and David Scurr, as well as the other prison officials, shall be referred to as "defendant"). Judge Hanson entered an Order on July 3, 1979, reviewing such motion and ordered the defendants to show cause why they should not be held in contempt of the Court's Order of October 4, 1977.

On July 26, 1979, the defendant filed his answer. In this answer, the defendant admits that disciplinary proceedings were instituted against the plaintiffs. In addition, he admits that the disciplinary committees involved relied upon confidential information in rendering their decisions. The defendant contends, however, that summary of the decisions need not contain a summary of the statements or the reports considered to be confidential because the release of such information would put the lives of the informants in immediate jeopardy.

The plaintiffs then filed on September 14, 1979, a Motion for Judgment on the Pleadings and Request for Hearing. In this motion, the plaintiffs move that the defendants be held in contempt of the Court's Order of October 4, 1977 which provides for certain requirements when prison officials seek to use confidential information in prison disciplinary proceedings. In the alternative, the plaintiffs requested a hearing to consider any legal or factual matters in issue. In support of its motion, the plaintiffs state: (1) as to Elmer Matthews, and Allen Langley, the disciplinary committees failed to include a statement of reasons relied upon by the committee, and the defendant admitted that no summary of confidential information was prepared; and (2) as to Paul Morton, the disciplinary notice contained insufficient information to allow him to prepare a defense, the disciplinary committee failed to include a statement of reasons relied upon by the committee, and the defendants admitted by inference that no summary of confidential informations was prepared. As a result of these violations, the plaintiffs seek release from Administrative Segregation and a holding that the defendants are in contempt of court.

The defendant responded to the plaintiffs' motion on October 5, 1979. In this response, the defendant argues that the Order of October 4, 1977 requires a summary of confidential information so as to provide a written record of that evidence to allow judicial review. He states that the confidential information relied upon in the plaintiffs' cases consisted of signed written statements that are preserved as part of the confidential record. As a result, the defendant contends that where the evidence is already preserved in writing there is no need to summarize the information. To further summarize the information, according to the defendants, would increase the likelihood of leaking the information resulting in greater danger to the informants. This leaking of information would allegedly result from the fact that more persons would handle the information in the process of summarizing it.

The defendant further alleges that the plaintiffs were given notice that the decisions were based on confidential information, but defendant argues that there was no duty to summarize this information in the statement of reasons because the October 4, 1977 Order authorizes the withholding of such information. It is alleged that the plaintiffs have no right to know the informant's identity and that the confidentiality is necessary if inmates are to have remedies against brutal attacks through the prisons use of informants. The defendant also contends that Morton's disciplinary notice was sufficient to allow him to prepare a defense.

On December 28, 1979, a hearing was held to consider the plaintiff's Motion for Judgment on the Pleadings. At this hearing, the parties presented their arguments, and the defendant presented the Court with the confidential information relied upon in disciplining the plaintiffs. The Court has reviewed this information, and the Court is presently prepared to rule on the matter before it.

In *Rinehart v. Brewer*, Civil No. 77–244–2, Judge Hanson entered an Order on October 4, 1977 in which he placed limits on the use of "confidential information" by prison officials to inflict discipline on prison inmates for major rule violations to which the procedural due process requirements articulated in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) are applicable. In this Order, Judge Hanson set forth the following guidelines to be applied by prison officials in future disciplinary prosecutions of inmates wherein "confidential information" is relied upon:

(1) The inmate must be provided advance written notice of the claimed violation at least 24 hours before a hearing thereon. The notice must be sufficiently descriptive to afford the inmate a meaningful opportunity to 'marshal the facts and prepare a defense'. *Wolff,* supra at 564 [,94 S.Ct. 2963]. Notice may not, therefore, be withheld on grounds of alleged confidentiality, and no dispositional hearing is valid in the absence of adequate notice. . . .

(2) Subsequent to the determination that the inmate has violated an institutional rule, the factfinders must prepare a written statement as to the evidence relied on and the reasons for taking disciplinary action. Such a statement must be prepared in all cases and, in the usual case, is to be given to the inmate. Where information is relied on which prison authorities determine must be kept confidential for personal or institutional security reasons, such information may be omitted from the statement given the inmate, but the statement must indicate the fact of omission. Prison authorities will, however, be required to prepare and preserve a brief written summary of the confidential information. The summary is to include a statement by the factfinders that they relied on the said information in finding that a rule violation had occurred. The summary is to be written or reduced to writing and adopted by the factfinders at approximately the same time the inmate is found to have committed a rule violation. The summary need not identify the informant by name, though it should state whether the informant is an inmate or, if not, what his or her relationship to the penitentiary is (e. g., guard, visitor, relative).

After careful consideration, the Court is of the opinion that the plaintiffs' motion for judgment on the pleadings should be granted. In so deciding, the Court believes it is necessary to amplify the requirements set forth in Judge Hanson's guidelines contained in the Order of October 4, 1977.

■■■ The Court shall first consider the notice requirement set forth therein. According to Judge Hanson, *Wolff* requires that a prisoner be give notice sufficient to allow him to prepare a defense 24 hours prior to a hearing on the matter. Plaintiff Paul Morton contends that the notice given him was insufficient in light of this standard. The Disciplinary Notice given Morton stated that he was accused on the basis of confidential information of threatening to harm other inmates and of making sexual proposals to persons. No other specific facts of the alleged offense were provided. The Court believes that notice sufficient to allow a prisoner to prepare a defense must contain the following information:

(1) The date and general time the alleged incident took place, as well as the place the alleged incident occurred;

(2) A general description of the alleged incident itself for which the prisoner is being charged, and the citation for the prison rule allegedly violated; and

(3) The identity of other persons, if any, involved in the incident.

Prison officials, however, may delete from the Disciplinary Notice specific facts concerning the incident if the inclusion of such facts would in and of itself result in security problems for the institution. If certain facts are deleted, the prison officials must state in the Disciplinary Notice that their information has been excluded and that the excluded class of information, such as the identities of other persons involved in the incident, is being deleted because the information in and of itself would result in security problems for the institution.

[4] In light of the Court's discussion above, the Court must conclude that the notice provided to plaintiff Paul Morton was insufficient to allow him to prepare a defense. Morton could not prepare his case based upon the limited information provided in the notice. Therefore, the Court hereby declares that the notice provided to plaintiff Paul Morton violated his constitutional right to due process of law.

The Court shall next consider the requirement that a statement of reasons for a disciplinary committee's finding and a summary of confidential information be prepared in cases involving confidential information. Judge Hanson in *Rinehart* stated that the factfinder must prepare and provide to the inmate a written statement of the evidence relied upon and the reasons for taking the disciplinary action. In situations where information that authorities determine must be kept confidential for personal or institutional security reasons is relied upon, however, such information may be

omitted if the statement indicates the omission. Further, Judge Hanson required that a brief written summary of the confidential information be prepared. The plaintiffs contend that the disciplinary committees in their respective cases failed to prepare a summary of the confidential information and failed to provide them with satisfactory statements of reasons. The defendant argues that a summary is unnecessary where the confidential information itself is a brief written statement or report. Although a summary is more important if there are no written statements, the statements represent no more than the evidence presented. They do not reflect the reasoning or judgment of the committee.

■ The Court believes that in all cases the authorities must prepare a written statement of reasons containing a description of the evidence relied upon and the reasons for taking the disciplinary action. This statement must be given to the prisoner. In cases involving confidential information, the Court agrees with Judge Hanson that such information may be omitted if the statement on its face indicates that the information has been deleted, and if a brief written summary of the confidential information is prepared. For the guidance of the authorities, the Court will attempt to clarify what this summary must contain.

■■ The purpose of the summary is to prevent a misunderstanding as to the basis of the committee's decision and to facilitate judicial review of these disciplinary decisions. To accomplish these purposes, the Court is of the opinion that the summary must contain the following:

(1) A brief written summary of all the confidential information, both oral and written, available to the disciplinary committee which pertains to the alleged incident under consideration;

(2) A statement setting forth the identity of the informants either by name or by his relationship to the penitentiary;

(3) A statement indicating what confidential information was relied upon by the disciplinary committee in reaching its decision;

(4) A statement indicating why the disciplinary committee believes the confidential information relied upon to be credible, whether any corroboration of such information is available, and if such is available, what the corroborating information is; and

(5) A statement indicating why the disciplinary committee believes the confidential information should in fact be kept confidential.

■ The Court hereby finds that the failure of the defendants to prepare a written summary of the confidential information relied upon in the plaintiffs' respective cases violates their constitutional right to due process of law. As relief for the failure of the defendants to provide adequate notice to plaintiff Morton and summaries of the confidential information to all plaintiffs, the plaintiffs request that the defendant be held in contempt of the Court's Order of October 4, 1977, and that the plaintiffs immediately be released from Administrative Segregation. The defendant requests that he be allowed to show he acted in good faith compliance with the Court's prior order, and that he be given the opportunity to choose between dismissing the proceedings and expunging the records of the plaintiffs, or conducting proceedings consistent with this Order.

■ In first considering the contempt issue, the Court does not believe that the defendant should be held in contempt of the Court's Order of October 4, 1977. It is well established that a person may be held in contempt of a court's order only if such order is sufficiently specific and clear so that there is no doubt about what it mandates for the party to whom it is addressed. *International Longshoremen's Assoc., Local 1291 v. Philadelphia Marine Trade Assoc.,* 389 U.S. 64, 73–74, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967); *Finney v. Arkansas Board of Correction,* 505 F.2d 194, 213 (8th Cir. 1974); *U. S. v. Joyce,* 498 F.2d 592, 596 (7th Cir. 1974). The Court is of the opinion that the specific portions of the Order of October 4,

1977 in issue in this matter were sufficiently general to permit defendant to interpret them as he did. The defendant's action appears to be based on a good faith and reasonable interpretation of Judge Hanson's Order. Therefore, the defendant shall not be held in contempt of court.

■ The Court does believe, however, that the plaintiffs should immediately be released from Administrative Segregation. Such release is appropriate because the Court has found that the plaintiffs' respective disciplinary proceedings resulting in their segregation were not conducted in a constitutional manner. Further, the Court believes that the plaintiffs' treatment and legal files, and any other records which may be subject to review by the Board of Parole, should be expunged of any and all references to the rule infractions upon which the plaintiffs were denied due process. As a result, the defendant is prohibited from retrying the plaintiffs in proceedings consistent with this Order. The Court does not reach these conclusions on the basis of the Federal Constitution. Instead, the defendant's own Policy and Procedure Guidelines, Section 804(E), raised by the plaintiffs' counsel in hearing, mandates this result. Section 804(E) provides:

> [I]f an alleged rule violation is not adjudicated in accordance with the due process procedures set forth in this Section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

The Court recently reviewed this provision of the defendant's guidelines and held that the defendant would be required to abide by his own rule prohibiting rehearing and requiring expungement of the prisoners record. *Phillip Cuevas v. David Scurr*, et al., Civil No. 79–139–1. The Court is unaware of any reason to do otherwise in the present case.

IT IS THEREFORE ORDERED that the plaintiffs' Motion for Judgment on the Pleadings is hereby granted because the disciplinary actions taken by the defendant failed to provide constitutional procedural due process, and the Clerk is directed to enter judgment in favor of the plaintiffs.

IT IS FURTHER ORDERED that all records of the plaintiffs' respective alleged rule violations relevant to the present proceeding, including the reporting officer's incident report, shall be permanently expunged by defendant from the plaintiffs' treatment and legal files and from any other records which may be subject to review by the Iowa Board of Parole.

IT IS FURTHER ORDERED that plaintiff's Motion to Hold Defendant in Contempt is denied.