**Thomas Lee GRADY, Appellant,**

v.

**Charles E. WILKEN, Stephen Korb, Timothy Dieters, Charles Harper and Rick Larkin, Appellees.**

No. 84–1319.

United States Court of Appeals, Eighth Circuit.

Submitted March 30, 1984.

Decided May 29, 1984.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-   sas.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Appellant Thomas Lee Grady sued three prison administrators, a counselor and an inmate under 42 U.S.C. § 1983 for filing a disciplinary report which led to Grady's transfer to a segregated unit and his temporary loss of mail privileges. The district court adopted the magistrate's report and recommendation and dismissed Grady's complaint. We affirm.

After a hearing, prison officials found that Grady had violated prison rules by attempting to extort money from another inmate with threats of violence. Grady was transferred to another facility for 15 days of disciplinary detention and 180 days of administrative segregation, during which time he received no mail for 20 days. Grady's original complaint challenged on several grounds the procedures and effects of his transfer. The district court found that only his claim of denial of access to the courts because of the denial of his mail stated a constitutional claim. Grady filed a motion to amend his complaint or to seek relief and defendants filed a motion for summary judgment. These motions form the basis of this appeal.

Grady proposed to join as defendants two prison officials and to add claims alleging that his punishment was disproportionately severe, prison officials improperly relied on confidential information at the hearing, his punishment was unsupported by substantial evidence, and he was denied a pretransfer hearing. The magistrate dismissed each request for amendment.

■ The magistrate found that Grady stated insufficient facts to demonstrate how the two prison officials violated his rights. Although *pro se* pleadings must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), this court has affirmed the dismissal of a complaint based on "broad and conclusory statements." *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir.1977). Because Grady alleges only that the two officials gave "tacit and/or direct approval" to the other violations he delineated, the amendment was properly denied as an insufficient statement.

■ Grady's punishment does not appear to be so significantly disproportionate as to violate basic notions of decency. *See Fitzgerald v. Procunier*, 393 F.Supp. 335, 342 (N.D.Cal.1975) (9 months in segregation is not disproportionate to stabbing and assault). *But cf. Adams v. Carlson*, 368 F.Supp. 1050, 1053 (E.D.Ill.1973) (16 months in segregation is disproportionate for work stoppage).

■ The use of confidential information under these circumstances is not unconstitutional. Due process requirements are satisfied when the prisoner has notice of the facts underlying his alleged offense; identities of persons involved may be deleted if their inclusion would threaten institutional security. *Wolff v. McDonnell*, 418 U.S. 539, 567–70, 94 S.Ct. 2963, 2980–81, 41 L.Ed.2d 935 (1974); *Rinehart v. Brewer*, 483 F.Supp. 165, 169 (S.D.Iowa 1980).

■ The disciplinary committee's decision did not require the support of substantial evidence. This court has previously held that the district court should not engage in *de novo* review; it should simply determine whether the committee's decision had some factual support. *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir.1974). The committee noted in support of its decision the testimony of a confidential informant, a handwriting comparison, and the validity of an address to which the extortion victim was to send the money. This evidence appears sufficient to support the committee's decision.

■ Finally, Grady's claim of a pretransfer hearing was properly dismissed. In *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), the Supreme Court found that inmates have no liberty interest in their institutional assignments; therefore, Brady's transfer was constitutionally proper.

■ The district court properly granted summary judgment on the remaining claim regarding access to the courts through the mails. Access to the courts and use of the mails are not absolute rights, and the Supreme Court has subjected restrictions on these rights to balancing tests. *See Procunier v. Martinez*, 416 U.S. 396, 413–14, 420, 94 S.Ct. 1800, 1811–12, 1814, 40 L.Ed.2d 224 (1974) (limitation on prisoner's mail rights must further an important governmental interest and be no greater than is necessary to the achievement of that end; burdens on prisoner access to the courts are weighed against legitimate interests in

personal administration and judicial deference to expertise of prison officials). Grady's mail was withheld as part of his transfer, which is a legitimate penal concern. In addition, the court's review of the record suggests that Grady's twenty day mail hiatus did not prejudice his lawsuit: during this period no time limits expired and no mail was sent from the district court. The record does not reflect what effect, if any, the mail withholding had on Grady's state litigation. Affidavits from prison personnel, however, state that any mail would have been forwarded to Grady, and he could have requested any legal material he needed while his property was being inventoried as part of his transfer. Accordingly, the decision of the district court is affirmed.