Rick WATERMAN, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 84–1764.

Court of Appeals of Iowa.

March 31, 1986.

Charles Harrington, Chief Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Inga Bumbary-Langston, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Petitioner, Rick Waterman, sought post-conviction relief from the decision in his prison disciplinary proceedings. Such relief was, after a hearing, denied by the court. Petitioner appeals that denial. We affirm.

Petitioner's appeal rests upon his claim that his due process rights were violated when he did not receive a copy of the urine analysis report (known as EMIT test report) until the time of his disciplinary hearing. It is his claim that the failure to provide the test results prior to the time of the hearing caused him to have no adequate time or meaningful opportunity to marshal the facts and prepare a defense. He claims he had no meaningful opportunity to present evidence or attempt to challenge the EMIT test results.

The record shows that on August 26, 1983, Waterman was required to submit to a urine analysis test in accordance with prison policy at the Iowa State Penitentiary at Fort Madison, Iowa. The analysis resulted in a test report that the specimen was positive for the presence of cannabinoids. On September 16, 1983, a disciplinary notice was filed and a copy of the notice was delivered to Waterman on the same date at 8:30 p.m. That notice charged petitioner with a "Class I (Major)" infraction, violating Rule # 19 (possession or use of drugs), and stated:

On 26 Aug 83 at approx. 12:00 p.m. I c/o Snider gave Inmate Waterman a u/a test. The result of this test was positive for Cannabinoids. Urine cup No. 1280.

The test report was not included as a part of that notice. On September 23, 1983, disciplinary hearing was held resulting in imposition of ten days disciplinary detention and loss of good time.

Petitioner appeals on the issue that the failure to include a copy of the EMIT test report with the disciplinary notice was a denial of his due process rights.

The Iowa Supreme Court has previously ruled that in prison disciplinary matters, due process as to the sufficiency of the evidence to uphold a finding of violation of prison rules is satisfied if there is any evidence to support the finding. *Wilson v. Farrier*, 372 N.W.2d 499 (Iowa 1985). While that authority permits a finding that the evidence upon which the disciplinary committee determined the existence of a violation of the prison rules in this case was sufficient, it does not answer the question raised by petitioner as to the suf-

ficiency of the notice given here to satisfy due process. *Wilson v. Farrier, supra,* doesn't provide the scope of review in this claim of lack of due process. As in other constitutional questions, when issues of violation of basic constitutional safeguards are raised, an appellate court must make its own evaluation of the totality of the circumstances under which the ruling on those constitutional rights was made. *Dickinson Co., Inc. v. City of Des Moines,* 347 N.W.2d 436, 439 (Iowa Ct.App.1984); *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975).

Although Waterman sought postconviction relief on several grounds, the only ground addressed in this appeal is, as previously stated, that his due process rights were violated when he did not receive a copy of the EMIT test report which showed his urine analysis to be positive for cannabinoids.

The notice served upon Waterman stated, "The result of this test was positive for cannabinoids." hence, the results of the test were given to Waterman by way of that notice. He was furnished a copy of the report of the test results for the first time at the disciplinary hearing. The trial court stated:

> Petitioner has not demonstrated that he was prejudiced in any manner by not being delivered a copy of Respondent's Exhibit 2 [the report] prior to the time of hearing.

■ The parties agree that petitioner was entitled to advance notice of the disciplinary charge to inform him of the charges and to enable him to marshal the facts and prepare a defense. *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935, 956 (1974). The *Wolff* court also held that the "disciplinary-action defendant" should be allowed "[a]t least a brief period of time after notice, no less than 24 hours," to prepare for the appearance at the disciplinary hearing. *Id.*

The question we must address, therefore, is: Did the failure to deliver a copy of the EMIT test report to Waterman prior to the time of the hearing constitute a denial of due process? We do not believe it constituted such a denial.

In the case of *Rinehart v. Brewer,* 483 F.Supp. 165 (S.D.Ia.1980), the court set out standards by which to test, on appellate review, the sufficiency of notices of disciplinary charges. In that case, the notice was found to be insufficient. (The notice accused the inmate on the basis of confidential information of threatening to harm other inmates and of making sexual proposals to persons.) The court, in *Rinehart,* stated:

> The court believes that notice sufficient to allow a prisoner to prepare a defense must contain the following information:
> (1) The date and general time the alleged incident took place, as well as the place the alleged incident occurred;
> (2) A general description of the alleged incident itself for which the prisoner is being charged, and the citation for the prison rule allegedly violated; and
> (3) The identity of other persons, if any, involved in the incident.

*Id.* at 169.

In this case, Waterman was notified on September 16, 1983, that he had violated Rule # 19 (possession or use of drugs), that there had been a urine sample obtained from Waterman, and that the test on that sample had resulted in a finding that the sample was positive for the presence of cannabinoids.

■ Since the notice was delivered on September 16, 1983, and the disciplinary hearing was held on September 23, 1983, there was a period of a week for Waterman to prepare his defense. This certainly comports with the requirements of *Wolff v. McDonnell, supra.* Waterman asked to call no witnesses. He did not ask that a copy of the EMIT report be furnished to him. He did not ask for a continuance. He now suggests he was prejudiced by the failure to receive a copy of the EMIT test report. Even had he received it, and had he produced some evidence attacking its credibility so long as the disciplinary committee made its decision upon some evi-

dence supporting that decision, it would not be subject to the court's review. *Wilson v. Farrier, supra; Walpole v. Hill,* —— U.S. ——, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ We hold that the notice given Waterman was sufficient under the requirements of *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935, 956 (1974), and under the test set out in *Rinehart v. Brewer, supra.*

The failure to furnish a copy of the EMIT report prior to the hearing, in this case, was not a violation of Waterman's due process rights under the fourteenth amendment of the U.S. Constitution. The penalty imposed by the disciplinary committee is therefore affirmed.

AFFIRMED.