Brian L. MORRIS, Petitioner–Appellant,

v.

Calvin AUGER, Warden, Iowa State Men's Reformatory, Respondent–Appellee.

No. 86–1291.

Court of Appeals of Iowa.

Aug. 26, 1987.

Charles Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and John M. Parmeter, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Petitioner Brian L. Morris, a prisoner at the Iowa State Men's Reformatory in Anamosa, appeals from the district court's order denying his application for postconviction relief. Morris asserts he was denied due process because the prison disciplinary

committee did not give Morris sufficient notice of the charges against him to allow him to prepare an adequate defense. We affirm.

On October 30, 1985, Morris received the following disciplinary notice:

During the past thirty days, inmate Morris has threatened, harassed, assaulted, and otherwise coerced other inmates, attempting to gain sexual compliance from them. Certain information of a confidential nature has been deleted from this report in order to preserve the security, tranquility, and good order of the institution.

Morris waived his right to a 24-hour notice prior to the disciplinary hearing. In an interview prior to the hearing Morris did not request any witnesses to appear in his behalf. On October 31, 1985, a disciplinary hearing was held and the disciplinary committee found Morris guilty of violating the following institution rules:

1. Rule 2—assault,
2. Rule 4—extortion,
3. Rule 14—threats,
4. Rule 15—sexual misconduct,
5. Rule 26—verbal abuse,
6. Rule 41—complicity.

Morris was sentenced to a period of solitary confinement, disciplinary detention, removal from the honor roll and loss of two days good time. The adjustment committee upheld Morris' conviction.

Morris filed an application for postconviction relief challenging the sufficiency of the notice of charges against him. The district court overruled the state's motion for summary judgment. Thereafter the district court denied Morris' application. This appeal followed.

I.

Ordinarily, postconviction relief actions are treated as special proceedings at law and review is on assigned errors only. *Kelly v. Nix,* 329 N.W.2d 287, 291 (Iowa 1983). However, where a fundamental constitutional issue is raised, the appellate court makes its own independent evaluation of the totality of circumstances in a de

novo review. *Williams v. State,* 378 N.W. 2d 894, 896 (Iowa 1985). The petitioner has the burden of proof to show a constitutional violation by a preponderance of the evidence. *Id.* at 897.

## II.

Morris' only argument before this court is that he was denied due process of law because the notice of charges against him did not provide sufficient facts on which the charges were based and thus he was unable to adequately defend himself. He argues the discipline committee used the rule permitting omission from the disciplinary notice of information obtained from confidential sources to "intentionally conceal enough details of the incident to make it virtually impossible to ascertain the nature of the offense."

**A.** In *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951 (1974), the Supreme Court established minimum requirements of procedural due process apply to prisoners in disciplinary proceedings. However, the requirements imposed by the Due Process Clause of the Constitution are flexible and variable depending upon the particular situation being examined. *Hewitt v. Helms,* 459 U.S. 460, 472, 103 S.Ct. 864, 872, 74 L.Ed.2d 675, 688 (1983). In determining what due process applies in a prison setting, the courts must be mindful that "one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff,* 418 U.S. at 560, 94 S.Ct. at 2977, 41 L.Ed.2d at 953.

> Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Wolff,* 418 U.S. at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951 (citations omitted).

In addition, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Helms,* 459 U.S. at 472, 103 S.Ct. at 872, 74 L.Ed.2d at 688–89.

■ Among the minimum requirements of due process in a prison is that inmates must receive notice of the charges to which they are to respond. *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2978, 41 L.Ed.2d at 956; *Harmon v. Auger,* 768 F.2d 270, 276 (8th Cir.1985). That notice must be sufficient to inform the inmate of the charges and to enable him to marshal facts and prepare a defense. *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2978, 41 L.Ed.2d at 956; *Grady v. Wilken,* 735 F.2d 303, 305 (8th Cir.1984); *Wagner v. State,* 364 N.W.2d 246, 249 (Iowa 1985).

Morris cites *Rinehart v. Brewer,* 483 F.Supp. 165, 169 (S.D. Iowa 1980), as establishing that due process requires notice of charges contain the following information:

(1) The date and general time the alleged incident took place, as well as the place the alleged incident occurred,

(2) A general description of the alleged incident itself for which the prisoner is being charged, and the citation for the prison rule allegedly violated, and

(3) The identity of other persons, if any, involved in the incident.

■ However, the *Rinehart* court goes on to say that prison officials may delete from the disciplinary notice specific facts concerning the incident if the inclusion of such facts would, in and of themselves, result in security problems for the institution. *Id. See Grady,* 735 F.2d at 305 (Use of confidential information in prison disciplinary proceedings is not unconstitutional). If facts are deleted, prison officials must state in the disciplinary notice that such information has been excluded and that the excluded class of information is being deleted because the information in and of itself would result in security problems for the institution. *Wolff,* 418 U.S. at 567–70, 94 S.Ct. at 2980–81, 41 L.Ed.2d at 957–59; *Grady,* 735 F.2d at 303; *Rinehart,* 483

F.Supp. at 169. *See Dawson v. Smith,* 719 F.2d 896 at 899 (7th Cir.1983).

The instant case is analogous to facts and issues in *Dawson.* There petitioner/prisoner challenged the constitutionality of disciplinary action taken against him because the notice stated only that he and his cellmate had planned to escape during October, 1977. *Dawson,* 719 F.2d at 897. All other information and its source were confidential. *Id.* The petitioner claimed on appeal the notice had not provided him with enough facts upon which the charge was based to defend himself. *Id.* at 898. In upholding the petitioner's conviction based on the notice received, the court of appeals stated that providing petitioner with any more information would expose the confidential informant's identity and result in security problems for the institution:

> [t]he reality is that disciplinary hearings and the imposition of disagreeable sanctions necessarily involve confrontations between inmates and authority and between inmates who are being disciplined and those who would charge or furnish evidence against them. Retaliation is much more than a theoretical possibility; and the basic and unavoidable task of providing reasonable personal safety for guards and inmates may be at stake, to say nothing of the impact of disciplinary confrontations and the resulting escalation of personal antagonisms on the important aims of the correctional process.

*Dawson,* 719 F.2d at 899 (quoting *Wolff,* 418 U.S. at 562, 94 S.Ct. at 2977, 41 L.Ed.2d at 954). *See also Losee v. State,* 374 N.W. 2d 402, 403 (Iowa 1985).

█ In the instant case we initially note this is a close question. In such cases we should not be quick to second guess the actions of prison officials and the disciplinary committee. *See Bell v. Wolfish,* 441 U.S. 520, 647–48, 99 S.Ct. 1861, 1878–79, 60 L.Ed.2d 447, 473–74 (1979); *Gomes v. Fair,* 738 F.2d 517, 524–25 (1st Cir.1974). We have examined the specific confidential information referred to in Morris' disciplinary notice. We conclude if Morris were to be provided with any more specific factual information, it would seriously risk exposing the identity of the confidential sources of information. Should this occur, there would most certainly be grave danger of retaliation against the informants and institutional security would be jeopardized. We agree in general with Morris' arguments that prisoners should be provided with specific information upon which the charges are based *except,* as is the case here, when there is danger that disclosure will identify the confidential informants and will cause security problems with the institution. We therefore affirm the decision of the district court denying Morris' application for post-conviction relief. *See Dawson,* 719 F.2d at 899.

█ **B.** Morris also contends both the disciplinary committee and district court unfairly gave weight to the fact Morris waived his right to 24–hour notice of hearing, did not call any witnesses at the hearing and did not have any explanation for the presence of confidential information supporting the charges against him. Morris was interviewed prior to the hearing and was given the opportunity to call witnesses in his defense. The Iowa Supreme Court has determined that disciplinary hearings are not part of a criminal prosecution, therefore it is not invalid for the disciplinary committee to draw an inference from a prisoner's silence. *Wilson v. Farrier,* 372 N.W.2d 499, 503 (Iowa 1985). It must follow that an adverse inference can be, and in this case was, drawn from Morris' unwillingness to present his side.

AFFIRMED.