Lawrence GLADSON,
Petitioner–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 87–1396.

Court of Appeals of Iowa.

Feb. 23, 1989.

Raymond E. Rogers, Acting Chief Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., of Iowa, and Suzie A. Berregard, Asst. Atty. Gen., for respondent-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Defendant appeals from denial of post-conviction relief challenging a prison disciplinary action based on an alleged escape plot.

The prison disciplinary committee at Fort Madison found Lawrence Gladson, an inmate at the penitentiary, guilty of violating four prison rules based on his alleged involvement with other inmates in an escape plot. On Gladson's application for postconviction relief, the district court found the committee had erred with respect to one rule violation but overruled all other challenges to the committee's decision. Gladson now appeals from the district court's judgment.

Gladson contends: first, his due process right to present evidence was violated by the disciplinary committee's refusal to allow him to call another inmate to testify or to examine the cell block logs for the dates in question; second, the disciplinary notice served on him was constitutionally inadequate because it did not name Gladson's alleged co-conspirators and did not reveal how or when the escape was supposed to occur; third, the facts found by the committee do not establish Gladson violated prison rule 41 (escape attempt or complicity), rule 14 (threats or intimidation), or rule 127 (disruptive conduct); and, fourth, the reliability of the confidential informant(s) who provided information to the committee was never properly established.

■ Proceedings for postconviction relief are special proceedings treated as an action at law. *Kelly v. Nix,* 329 N.W.2d 287, 291 (Iowa 1983). However, where there are fundamental constitutional rights involved, we review the case de novo in light of the totality of the circumstances. *Id.*

## I.

Initially, Gladson contends he was deprived his fourteenth amendment due process rights when the disciplinary committee refused to: allow him to call as a witness a fellow inmate; allow him to call guards as witness; and to examine cellhouse log books covering a two-month period.

Minimum requirements of procedural due process appropriate for the circumstances must be observed in prison disciplinary proceedings involving loss of good or honor time. *Kelly v. Nix,* 329 N.W.2d 287, 293 (Iowa 1983). An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935, 956 (1974). Thus, the right of an inmate to call witnesses in a disciplinary hearing is not unqualified. *Id.* In compliance with these mandates, prison officials have adopted rules which guarantee adequate due process protection. *Kelly v. Nix,* 329 N.W.2d at 293.

■ Regarding the inmate witness, the committee denied Gladson's request on two grounds. First, the request was not made until the time of hearing, thus apparently not in compliance with prison rules; and second, to allow the witness to testify would present a security problem to the institution, a permissible consideration under the aforementioned principles. Gladson's written form requesting his fellow inmate as a witness was ambiguous. Despite the request being late and its ambiguities, the investigator secured a written statement from the inmate which was considered by the committee. In addition, Gladson does not demonstrate how the inmate not testifying personally prejudiced his cause. Thus, we determine Gladson was not denied due process by this commission action.

■ Gladson also asserts he was denied due process when the investigator did not

obtain witness statements from guards when they may be able to testify to his whereabouts. As the district court found:

The committee also found that his request for witness statements from Yard and Cellhouse Officers would be unduly burdensome in that the Applicant did not specify which officers he intended or wanted to interview, and additionally, his purpose in wanting to interview those officers was to establish his whereabouts during the months of May and June, and that since the hearing was held in August, it would be impossible for the officers to verify his location two months earlier.

We agree, and find the failure to collect the statements was not a denial of Gladson's due process rights.

■ In addition, Gladson argues he was denied due process because he was denied access to the cellhouse log books. Gladson demanded he see the log books himself and did not request the investigator examine the books for any particular information. It is not clear what evidence Gladson believes could have been gleened from examining the log books. Under these circumstances, we determine the prison officials' decision not to disclose these books on the grounds of confidentiality was warranted and not a denial of Gladson's due process rights.

## II.

■ Gladson also argues the disciplinary notice served on him was inadequate to inform him of the nature of the charges and enable him to prepare a defense.

The United States Supreme Court held "written notice of the charges must be given to the disciplinary action defendant in order to inform him of the charges and enable him to marshall the facts and prepare a defense." *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed. 2d 935, 956 (1974). It has further been held disciplinary notice must give the names of other persons allegedly involved in the incident unless the identification of those persons would result in security problems. *Rinehart v. Brewer,* 483 F.Supp. 165, 169 (S.D.Iowa 1980).

Gladson claims the notice he received was not adequate because it did not name his coconspirators. Our review finds exposing the identity of the confidential informant(s) to Gladson, either directly or indirectly, would result in the type of security problems which our courts have sought to avoid. The State correctly argues if Gladson is given the information he seeks, it would allow him, by process of elimination, to determine whether any or all of his co-conspirators were confidential informants. The security problems which could occur are obvious. Thus, we determine security concerns outweigh Gladson's needs for the information which was withheld.

## III.

Next Gladson argues the committee did not have sufficient evidence to sustain a finding he violated prison rules.

The findings of a prison disciplinary committee comply with the minimum requirements of due process if they are "supported by some evidence in the record." *Wilson v. Farrier,* 372 N.W.2d 499, 501 (Iowa 1985). Gladson does not dispute the evidence relied upon by the committee was sufficient under the *Wilson* standard to establish the facts found by the committee. Rather, Gladson submits the facts found by the committee simply do not establish the elements of the disciplinary violations found.

The State argues, and we agree, there is no real distinction between what Gladson argues and the "some evidence standard." *Id.* The supreme court in *Wilson* stated:

Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Wilson v. Farrier,* 372 N.W.2d at 501. The confidential information which was relied on by the committee was reviewed by the district court in camera and that court

found the evidence sufficient under these guidelines. After reviewing both the confidential information and the other evidence before the disciplinary committee, we agree with the trial court and hold there is sufficient evidence Gladson violated all three prison rules which he was found to have violated.

### IV.

Gladson's final argument centers around the credibility of the confidential informant because the committee relied on the results of a psychological stress evaluation (PSE) test in reaching its conclusion on the informants' reliability. Gladson urges corroboration of firsthand knowledge of the alleged escape is necessary. Specifically, Gladson argues the PSE is not sufficiently reliable to be used as the sole basis of support for the disciplinary committee's decision.

This issue is not applicable here. The district court determined, and we agree, the PSE was only one of several reasons for determining the confidential informant(s) statement(s) was/were reliable. Thus, the district court's determination of credibility is upheld.

AFFIRMED.