937 F.2d 611
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Fletcher Charles CASEY, Jr., Petitioner-Appellant,
v.
Travis BADGETT, Chairman of disciplinary committee, Don
Sims, John Gutierrez, C. Goldsmith, Respondents-Appellees.
 No. 89-16206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1990.*
Decided July 17, 1991.
 Before WALLACE, ALARCON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Casey appeals the district court's denial of his motion to amend his complaint and the dismissal of his Sec. 1983 action against various employees of the Arizona Department of Corrections for procedures employed in a disciplinary action against him.
 
 I. Amendment
 
 3
 Casey's proposed amendment adding a new party would not have cured the defects, discussed below, that made dismissal proper. His proposal to clarify the existing claims also would not have cured the defects. His amendment to add a new claim that the summary of reasons supporting the disciplinary action was inadequate would have been futile. See Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1255 (9th Cir.1981) (proper to deny amendment if futile). The case he relies on for the proposition that the summary must be more thorough, Rinehart v. Brewer, 483 F.Supp. 165 (S.D.Iowa 1980), applies when a disciplinary board bases its decision on confidential information, not on a confidential informant. Casey heard all of the information on which the decision was based through Investigator Owens' testimony.
 
 
 4
 The district court did not abuse its discretion in denying leave to amend.
 
 II. Dismissal
 
 5
 Arizona prison officials did not violate Arizona regulation R5-1-607(A) in taking sixty days to investigate his case. They notified Casey after thirty days that they were submitting the case for investigation by prosecuting authorities. R5-1-607(A)(4) allows for thirty days in addition to the first thirty-day period of investigation while prosecuting authorities decide whether to prosecute. Also, because no regulation was violated by the sixty-day investigation, written notice of the allegations submitted to Casey within twenty-four hours after completion of the investigation was in full compliance with R5-1-603(B)(1).
 
 
 6
 Due process does not require that the statement of evidence to be presented in a prison disciplinary action include the fact that the prison investigator's testimony will be based on information provided by a confidential informant. Casey already knew that Investigator Owens would be the only witness against him. An investigator's testimony is usually based on information provided by others. Knowing that the identity of the investigator's informants would not be provided to Casey during the hearing would not have helped Casey prepare a better defense in advance of the hearing.
 
 
 7
 Due process does not require that a prisoner in a disciplinary proceeding be allowed to confront confidential informants in any manner, written or otherwise. Wolff v. McDonnell, 418 U.S. 539, 568 (1974). Further, R5-1-603(D)(3) gives Arizona prisoners the right to question "all persons giving evidence" as witnesses at a disciplinary hearing, not all persons, confidential or otherwise, who provide information during the pre-hearing investigation.
 
 
 8
 The prison authorities' disciplinary decision was based on "some evidence in the record" as required for affirmance by Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir.1987): namely, Investigator Owens' testimony of his findings and a statement from the coordinator of discipline that the confidential informant relied on by Owens had proved reliable in the past.
 
 
 9
 The district court's denial of Casey's motion to amend his complaint and the dismissal of his action is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3