996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward N. CARLTON, Plaintiff-Appellant,
v.
Barbara FASSBENDER, Sgt.; Dennis Deroucha, Defendants-Appellees.
 No. 93-1116.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 Before: KENNEDY and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court judgment dismissing three civil rights complaints filed under 42 U.S.C. § 1983. The three actions were consolidated by the district court and comprise a single case on appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Edward N. Carlton alleged in his first complaint that defendant Sgt. Fassbender, a property officer at the Marquette Branch Prison, confiscated his legal materials upon his transfer from the State Prison at Southern Michigan. In his second complaint, he alleged that defendant Deroucha, a corrections officer, assisted in sorting his personal property and confiscating his legal papers. In the third complaint, Carlton alleged that Sgt. Fassbender had refused his requests for the return of his legal materials. In all, Carlton contended that he was denied his right of access to the courts. He maintained that, without the use of his legal papers, he was unable to file petitions for writs of certiorari to the Supreme Court in lawsuits newly decided by the court of appeals. Additionally, he claimed that he was deprived of his property without due process.
 
 
 3
 The district court resolved: (1) that defendant Deroucha should be dismissed as a party because Carlton did not allege any facts showing that he was personally involved in the confiscation of legal materials; (2) that state notice and hearing procedures afforded Carlton all the process he was due; (3) that Carlton's eventual receipt of his legal materials and subsequent transfer from Marquette rendered his claims for injunctive relief moot; and (4) that Carlton did not show prejudice to ongoing litigation to maintain his claim that he was denied meaningful access to the courts. Summary judgment was entered in favor of defendants.
 
 
 4
 On appeal, Carlton reasserts that he was denied his rights of due process and of meaningful access to the courts. He does not appeal the dismissal of defendant Deroucha or of his claims for injunctive relief.
 
 
 5
 Upon review, we conclude that summary judgment was proper. There exists no genuine issue of material fact and defendant is entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Material facts are not in dispute. On April 19, 1989, Carlton was transferred to the Marquette Branch Prison from the State Prison for Southern Michigan. Upon his arrival at Marquette, he was told that his footlocker, damaged and bound in tape, was not serviceable and constituted contraband. He was advised to select items to keep with him, the volume not to exceed one duffle bag, and was told that excess property would be subject to disposal under prison policies. A half duffle of excess property contained legal materials. He was issued a notice of a hearing on his claim that the footlocker and excess materials were not contraband; he was unable to persuade the hearing officer to return the materials to him. When Carlton's requests for the return of his property were denied, he pursued a remedy through prison grievance procedures. His property was returned to him following a second hearing on October 13, 1989. Subsequently, Carlton was transferred from the prison at Marquette.
 
 
 7
 Defendant is entitled to judgment on Carlton's claim that he was denied due process. Review of the record shows that Carlton received all the process he was due. He does not challenge the adequacy of state procedures or policies, nor does he claim that defendant acted in a random or unauthorized manner. The essence of his claim is his belief that prison officials erroneously concluded that his legal materials were excess property which could be withheld from him. As noted by the Supreme Court, "even if a state decision does deprive an individual of life or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated the individual's right to due process." Martinez v. California, 444 U.S. 277, 284 n. 9 (1980). In this case, Carlton received notice and an opportunity to challenge the deprivation of his materials; that is all the Constitution requires. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976).
 
 
 8
 Defendant is also entitled to judgment on Carlton's claim that he was denied access to the courts. Carlton has not shown the prejudice necessary to establish his claim. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Carlton was given the opportunity to select the items he wanted to keep with him in his cell. Further, Carlton was advised that the excess property would be restored to him if he either purchased a new, undamaged footlocker in which to keep it or exchanged a comparable volume of other personal property for it. Because he could have received the materials he wanted by complying with the limits on property, he has not shown a constitutional violation. See Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir.1987); Grady v. Wilken, 735 F.2d 303, 306 (8th Cir.1984) (per curiam).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.