**Gary Dale HOEPPNER, Petitioner-Appellant,**

v.

**STATE of Iowa, Respondent-Appellee.**

**No. 84–1134.**

Court of Appeals of Iowa.

Sept. 24, 1985.

Charles Harrington, Chief Appellate Defender, and John P. Messina, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen. and John M. Parmeter, Asst. Atty. Gen., for respondent-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner appeals from the district court's denial of his motion for order compelling discovery and from the court's grant of the State's motion for summary judgment on his application for postconviction relief. He asserts that the court erred in not finding that due process required the production of documents and data pertaining to the operation of a drug testing machine. He also asserts that he was denied due process by the State's failure to preserve his urine sample for independent chemical analysis. We affirm.

In November 1983, a urine sample was taken from Gary Hoeppner, the petitioner in this action, to test for the presence of drugs. The sample was processed through the prison's drug testing machine and revealed the presence of THC, a marijuana derivative. Hoeppner was penalized four days of good time and placed in solitary confinement for ten days. In response to an appeal, a second testing of the urine sample was taken at the Iowa Security and Medical Facility. The results of the retest-

ing also revealed the presence of THC; petitioner's appeal was accordingly denied.

In February 1984, Hoeppner petitioned for postconviction relief. The petition alleged that Hoeppner's due process rights had been violated since the alleged destruction of the urine sample prevented any independent testing of the sample. In response, the State denied the allegation that the urine sample had not been preserved.

Hoeppner filed a motion for production of the urine sample and a motion to discover certain documents pertaining to the use of the prison's drug testing machine. The State resisted the request and filed a motion for summary judgment.

Hoeppner subsequently filed a motion to compel discovery. In its response to request for admissions, the State admitted that the urine sample was destroyed.

The postconviction court held that Hoeppner was not entitled to discovery since the materials were not relevant. The court also granted summary judgment for the State, reasoning that a prisoner is not entitled to an independent sample of evidence used in a disciplinary proceeding.

■ Hoeppner claims on appeal that the postconviction court erred in denying his request for production of documents. He argues that it was improper to enter a summary judgment without allowing him to attack the reliability and accuracy of the testing procedure. We disagree.

■ The role of the district court is not to afford a de novo review of the disciplinary board's fact finding. *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir.1974). Rather, in reviewing disciplinary actions, the only issue of consequence is whether *some* evidence exists to support the board's decision. *Walpole v. Hill,* —— U.S. ——, ——, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985); *Wilson v. Farrier,* 372 N.W.2d 499, 502 (Iowa 1985).

Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Walpole,* —— U.S. at ——, 105 S.Ct. at 2774.

In the case before this court, Hoeppner requested the production of documents for the sole purpose of attacking evidence relied upon by the board. According to *Walpole,* any inquiry in this respect is irrelevant. We hold that it was proper for the postconviction court to deny petitioner's request.

Hoeppner's second assignment of error is that he was denied due process by the State's failure to preserve his urine sample for independent chemical analysis. We find this argument to be without merit.

■ The leading authority concerning procedural due process rights in the prison disciplinary context is *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff,* the court determined that certain legal procedures were essential to due process in a prison setting: 1) advance written notice of the alleged violation; 2) a written statement in the findings of evidence relied on and the reasons for the discipline; and 3) allowing prisoners a *limited* right to call witnesses and present written evidence. *Id.* at 564–67, 94 S.Ct. at 2978–80, 41 L.Ed.2d at 955–57. However, the Court also recognized that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951. Certain procedures normally associated with due process are not required in prison disciplinary proceedings: confrontation, cross-examination, and counsel. *Id.* at 567–70, 94 S.Ct. at 2980–82, 41 L.Ed.2d 957–59.

■ Applying these principles to the case before this court, we conclude that petitioner's procedural due process rights were not violated. The limited rights set forth in *Wolff* do not entitle a prisoner to an independent sample of evidence used in

a disciplinary proceeding. Hoeppner's reliance on *State v. Brown*, 337 N.W.2d 507 (Iowa 1983), to support a contrary conclusion is misplaced since *Brown* was a criminal case.

In reaching our decision, we also note that any independent testing of the urine sample would be of little consequence in a prison disciplinary proceeding. At best, such evidence could be used to attack the accuracy of the prison's testing procedures. It would not discount the fact that "some" evidence supports the conclusion of the disciplinary board. This is all that is constitutionally required.

The disciplinary hearing was held in accordance with the requirements set forth in *Wolff* and sufficient evidence supports the actions of the prison officials. Finding no error, we affirm the decision of the postconviction court in all respects.

AFFIRMED.