Scott B. HAIR, Petitioner-Appellant,

v.

STATE of Iowa, Respondent-Appellee.

No. 85–1836.

Court of Appeals of Iowa.

Sept. 25, 1986.

Charles Harrington, Chief Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Sarah J. Coats, Asst. Atty. Gen., for respondent-appellee.

Considered by DONIELSON, P.J., SCHLEGEL, and HAYDEN, JJ.

HAYDEN, Judge.

On July 9, 1984, petitioner, Scott B. Hair, an inmate at the Fort Madison Penitentiary, received a disciplinary notice alleging that he violated penitentiary rules 2, 4, 14, and 27A, relating to assault, extortion, threats/intimidation, and obstructive/disruptive conduct, respectively. The notice was worded as follows:

> While you were at Farm I from Jan '84 to May '84 you slapped a confidential informant 3–4 times while you demanded the C.I(s) paychecks; you then told the CI(s) you would settle for $10.00. Out of intimidation, the CI(s) gave you $6.00. You also told the C.I(s) that you would have someone collect for you. The names of the C.I(s) will remain confidential as to devulge [sic] the names would interfere with the security & orderly running of the Institution.

At the disciplinary hearing petitioner denied slapping or strong-arming anyone. On July 17, 1984, the prison disciplinary committee found the petitioner guilty as charged, based on the confidential information, and imposed a punishment of fifteen days of disciplinary detention, one year of administrative segregation, cancellation of honor contract, and loss of all good time the petitioner had earned. Petitioner subsequently appealed unsuccessfully to the warden and the director of the department of adult corrections.

On August 31, 1984, petitioner filed an application for postconviction relief, challenging the disciplinary action on a number of grounds. At the evidentiary hearing held on July 30, 1985, the petitioner testified that he was unable to prepare an adequate defense because the disciplinary notice did not specify the date that the offense occurred and also because the prison refused to disclose the confidential information on which it based its findings. Af-

ter conducting an in-camera examination of the confidential information, the trial court determined there was sufficient evidence to support the decisions of the disciplinary committee and denied petitioner's application.

Petitioner contends that: (1) the penitentiary's failure to provide him with adequate notice violated the penitentiary's internal rules and petitioner's due process guarantee and (2) the record lacks sufficient evidence to support the findings of the prison disciplinary committee.

Initially, we note that postconviction proceedings are treated as actions at law. *Kelly v. Nix,* 329 N.W.2d 287, 291 (Iowa 1983). Because fundamental constitutional rights are involved, our review is de novo in light of the totality of the circumstances and record upon which the court ruling was made. *Wagner v. State,* 364 N.W.2d 246, 249 (Iowa 1985).

**I.**

Petitioner asserts the notice was defective because it contained no date or time for the alleged incident which prevented him from preparing an adequate defense, thereby violating due process. The State contends the notice given petitioner was constitutionally sufficient and any deviation in procedure was insubstantial and nonprejudicial.

In *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court noted:

> Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. (Citation omitted.) In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Id.* at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951.

In *Wolff,* the Court held the prisoner must be given (1) advance written notice of the alleged violation and (2) a written state-

ment in the findings of the evidence relied on and the reasons for the discipline inflicted. *Id.* at 563, 94 S.Ct. at 2978, 41 L.Ed.2d at 955. *See Rushing v. State*, 382 N.W.2d 141, 144 (Iowa 1986); *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 756 (Iowa 1979); and *Hoeppner v. State*, 379 N.W.2d 23, 25 (Iowa Ct.App.1985).

"Part of the function of notice is to give the charged party a chance to marshal facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2978, 41 L.Ed.2d at 955.

As petitioner contends, both the penitentiary's rules and federal case law state that notice must include: the date and the general time the incident took place. *See Rinehart v. Brewer*, 483 F.Supp. 165, 169 (S.D.Iowa 1980). We hinge our consideration on whether petitioner was afforded his due process rights.

Here the evidence used against the petitioner was based solely on the testimony of confidential informants. Regarding this situation, we note and adopt the following:

> The reality is that disciplinary hearings and the imposition of disagreeable sanctions necessarily involve confrontations between inmates and authority and between inmates who are being disciplined and those who would charge or furnish evidence against them. Retaliation is much more than a theoretical possibility; and the basic and unavoidable task of providing reasonable personal safety for guards and inmates may be at stake....

*Wolff*, 418 U.S. at 562, 94 S.Ct. at 2978, 41 L.Ed.2d at 954. The court in *Rinehart v. Brewer*, 483 F.Supp. 165 (S.D.Iowa 1980), recognized that specific facts may be deleted if the use of such facts would result in security problems for the institution.

In the present case the specific time and date were not provided for two reasons. First, if the notice was more definite the confidential informants might have been identified, thereby endangering their lives. Also, none of the informants could remember the specific date of the incident. Petitioner must have been provided enough information to marshal the facts, clarify the charges, and prepare for his defense.

The penitentiary had to weigh petitioner's right to due process versus the informant's and the institution's needs and objections.

■ We conclude the failure of the institution to list the date and general time of the incident did not rise to the level of a due process violation. The notice, which involved the six-month period in which the occurrences happened, provided the petitioner with sufficient notice to prepare his defense. The notice also served to protect the informants from retaliation and further the orderly functioning of the institution. We affirm.

### II.

Petitioner also contends the disciplinary committee erred in finding sufficient evidence in the confidential information to justify their decision.

■ Due process is satisfied if "some evidence" supports the decision of the disciplinary board. *Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356, 384 (1985); *Losee v. State*, 374 N.W.2d 402, 403 (Iowa 1985); *Wilson v. Farrier*, 372 N.W.2d 499, 501 (Iowa 1985).

Regarding the modicum of evidence required, the Court in *Walpole* stated:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455, 105 S.Ct. at 2774, 86 L.Ed.2d at 365.

After a careful review of the confidential informants statements, we conclude that more than a modicum of evidence exists to support the disciplinary board. Therefore, we affirm.

AFFIRMED.