Rodney Works, an inmate at Limestone Correctional Facility, filed a petition for writ of habeas corpus on November 3, 1989. On December 15, 1989, the state filed a motion to dismiss the petition and on June 22, 1990, the circuit court granted the state's motion to dismiss. Works appeals from the circuit court's denial of his habeas corpus petition.
On September 15, 1989, James L. Yarbrough, a corrections officer, performed an EMIT[1] d.a.u. Cannabinoid Assay test on a urine sample supplied by Works. The specimen tested positive for cannabinoid 50 or marijuana. On three prior EMIT urinalyses, Works had tested positive for cannabinoid 50 or marijuana. Works was arrested on September 21, 1989, for the fourth offense of violating rule # 90 for consumption or use of, or being under the influence of, alcohol, narcotics, or other intoxicants.
At the disciplinary hearing on September 24, 1989, Works testified that he was not guilty of consuming, using, or being under the influence of marijuana. The arresting officer testified that Works was arrested for a fourth offense of violating rule # 90 due to testing positive on a routine follow-up urinalysis conducted on September 15, 1989. A written report executed by Yarbrough was introduced at the hearing — the report stated that Yarbrough conducted a routine EMIT urinalysis on Works on September 15, 1989, and that Works's urine sample tested positive for cannabinoid 50 or marijuana. The report further stated that to ensure reliability of results, the positive sample was tested twice with a sample of known urine from Works.
Based upon the testimony and the written report, Works was found guilty of violating rule # 90, was confined for 45 days in disciplinary segregation, and was deprived of 30 days of store and visitation privileges.
Works contends on appeal that he was denied due process of law because 1) the EMIT urinalysis test results were not sufficiently reliable to satisfy the "some evidence" standard enunciated in Heidelburg v. State, 522 So.2d 337
(Ala.Cr.App. 1988); and 2) a copy of the alleged positive test result obtained in testing Works on September 15, 1989, was not introduced before the hearing officer.
 I
To meet the minimum requirements of due process in a prison disciplinary proceeding, "the disciplinary board's decision must neither be arbitrary nor capricious, and must be based upon some evidence." Heidelburg v. State, 522 So.2d 337, 339
(Ala.Cr.App. 1988) (emphasis in *Page 624 
original) (citing Superintendent, Massachusetts CorrectionalInstitution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768,86 L.Ed.2d 356 (1985)).
The reliability of the EMIT testing system as a basis for imposing disciplinary sanctions for inmate drug use has been addressed by several state and federal courts. The Eighth Circuit Court of Appeals in the case of Spence v. Farrier,807 F.2d 753 (8th Cir. 1986), discussed the reliability of EMIT test results:
 "The EMIT test results obviously provide some evidence of drug use. EMIT tests have been found sufficiently reliable to meet the requirements of the due process clause. See, e.g., Harmon v. Auger, 768 F.2d 270 (8th Cir. 1985) (EMIT test results are ninety-five per cent (95%) accurate and form a sufficient basis for disciplinary action); Wycoff v. Resig, 613 F. Supp. 1504 (N.D.Ind. 1985) (a positive EMIT test confirmed by a second EMIT test or its equivalent satisfies due process); Jensen v. Lick, 589 F. Supp. 35 (D.N.D. 1984) (prison officials could impose sanctions on prisoners based upon an unconfirmed EMIT test); Peranzo v. Caughlin, 608 F. Supp. 1504 (S.D.N.Y. 1984) (double EMIT testing held sufficient to satisfy due process); Hoeppner v. State, 379 N.W.2d 23, 25
(Iowa App. 1985) ('the limited rights set forth in Wolff [v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)] do not entitle a prisoner to an independent sample of evidence used in a disciplinary proceeding'); and Smith v. State, 250 Ga. 438, 298 S.E.2d 482 (1983) (the EMIT test is sufficiently reliable to stand as the only evidence in a parole revocation hearing). But see, Higgs v. Wilson, 616 F. Supp. 226 (W.D.Ky. 1985); and Kane v. Fair, 33 Cr.L. 2492 (Mass.Super. 1983). We hold that the EMIT test, as used at Iowa State Penitentiary with a confirmatory second test, contains sufficient indicia of reliability to provide some evidence of drug use."
807 F.2d at 756.
Most recently, the Fourth Circuit Court of Appeals inThompson v. Hall, No. 88-6525, Slip.op. at 7 (4th Cir. Aug. 17, 1989) [883 F.2d 70 (Table)], held that "the EMIT test, scientifically recognized as a valid medical procedure, constitutes some evidence to support the imposition of disciplinary sanctions."
In the case sub judice, the parties stipulated that the depositions of Dr. H. Horton McCurdy and Dr. Christopher S. Frings, experts in the field of EMIT testing, be made part of the record and be considered by the trial court in ruling on the state's motion to dismiss.
Dr. McCurdy, a research toxicologist with the Georgia Bureau of Investigation and an inspector for the National Institutes on Drug Abuse, testified that the Syva testing equipment used at Limestone Correctional Facility does not do an independent confirmation test when a positive result is obtained from the EMIT test, Limestone Correctional Facility does perform a second EMIT test from the same urine sample to rule out an administrative error of testing the wrong specimen.
Based upon the stipulated expert evidence as to the reliability of EMIT testing contained in the record and the general acceptance of the reliability of EMIT testing in other jurisdictions, we hold that the EMIT test contains sufficient indicia of reliability to provide "some evidence" of drug use at a disciplinary proceeding involving an inmate's alleged use of controlled substances.
 II
Works contends that he was denied due process because a copy of his alleged positive EMIT test result was not introduced before the hearing officer; he says the failure to introduce it was in violation of Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
Wolff does not mandate that evidence presented to a disciplinary committee be in the form of written statements.See Fulmer v. Kelley, No. 89-H-0008-N (M.D.Ala. July 19, 1989) (Wolff does not require that a prisoner's urinalysis test results be submitted to the hearing officer). *Page 625 
The foregoing opinion was prepared by the Honorable JAMES FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] EMIT is an acronym which stands for Enzyme Multiplied Immunoassay Technique. It is manufactured by Syva Corporation in Palo Alto, California.