**George GOFF, Plaintiff,**

**v.**

**Steve DAILEY, Deputy Superintendent, and Richard Huckins, Correctional Officer, Defendants.**

**No. 4–87–CV–10821.**

United States District Court, S.D. Iowa, C.D.

Jan. 23, 1992.

On Motion to Alter or Amend Judgment March 27, 1992.

Philip B. Mears, Mears Law Office, Iowa City, Iowa, for plaintiff.

Layne M. Lindebak, Asst. Atty. Gen., Des Moines, Iowa, for defendants.

## MEMORANDUM OPINION AND ORDER

LONGSTAFF, District Judge.

Plaintiff instituted the present lawsuit alleging violations of his constitutional rights on October 27, 1987. The parties consented to proceed before a U.S. Magistrate on June 19, 1991. By the time for trial the undersigned had been appointed a U.S. District Court judge. Trial in this matter was held on November 13, 1991.

I. FINDINGS OF FACT

1. Plaintiff George Goff was an inmate at the Clarinda Correctional Facility in Clarinda, Iowa.

2. Defendant Richard Huckins was a staff member who filed a disciplinary report against Goff.

3. Correctional Supervisor Victor Capps was a member of the disciplinary committee that found Goff guilty of disciplinary violations.

4. Defendant Steve Dailey was the Deputy Superintendent of the Clarinda Facility who affirmed the committee's decision on appeal.

5. On August 3, 1987, George Goff and other inmates were watching television in the recreational room at the Clarinda Facility. Another inmate asked Correctional Officer Huckins if the inmates would be allowed to watch television longer than normal that evening. Officer Huckins told them they would not be able to have that extension of time.

6. At that point, Goff, seated at a table, said to another inmate that Officer Huckins "must not have gotten any pussy before work."

7. Officer Huckins heard the comment and asked Goff to repeat it, which Goff did. Officer Huckins then told Goff that he was on report for that statement.

8. Goff then told Officer Huckins that he (Goff) could say anything he wanted to another inmate, as long as it was not directed at the officer.

9. After asking if the officer still intended to write the report, Goff indicated that he would take the officer to court.

10. A short time later, Goff returned and told Huckins that he was the wrong person to be "fucking with." Goff reiterated his statement: "You don't think I'm the wrong person to be fucking with, I'll go back to Fort Madison right now."

11. Goff was charged by Huckins and found guilty by the disciplinary committee of violating three different rules: # 14 (Threats/Intimidation); # 26 (Verbal Abuse); and # 27 (Obstructive/Disruptive Conduct).

12. On appeal, Deputy Superintendent Dailey affirmed the disciplinary committee's findings and found that Goff's reference to going back to Fort Madison supported a Rule 14 violation. Dailey interpreted that statement to mean that Goff might involve himself in dangerous conduct without regard to the likelihood of being transferred to Fort Madison as a result.

13. As a result of being found guilty of the rule violations, Goff received 3 days of disciplinary detention and 16 days loss of

good time. However, the disposition was suspended and never imposed.

14. After this disciplinary report, Goff's security classification score was increased by two points. This score is one factor used in determining an inmate's eligibility for the "outs" program at Clarinda.

## II. APPLICABLE LAW AND DISCUSSION

The plaintiff offers three arguments in support of his complaint against defendants. First, plaintiff asserts that his right of access to the court has been denied because he was punished for telling a correctional officer that he would take the officer to court if he received a disciplinary report. Secondly, plaintiff argues that his first amendment rights were violated when he was disciplined for making comments to other inmates. Finally, plaintiff claims his due process rights were violated because the disciplinary committee which found him guilty employed the "some evidence" test as a standard of proof in making their factual determinations.

### A. Right of Access to the Court

■ With regard to plaintiffs' right of access to the court, the defendants do not dispute that an inmate cannot be punished for filing legal actions. Defendants concede that under certain circumstances, disciplining an inmate for threatening legal action may impermissibly burden an inmate's right of access to the courts. However, the facts in this case show plaintiff was placed on report for verbal abuse because he stated that Officer Huckins "must not have gotten any pussy before work." Goff then threatened Huckins twice. Goff initially tried to intimidate Huckins by threatening him with court action. Goff's second threat came later when he told Huckins that he was the wrong person to be fucking with and indicated he was ready to return to Fort Madison. A decision to place him on report had been made prior to Goff's threat of court action. Goff's subsequent comments provided the basis for additional charges.

Superintendent Dailey was troubled by Goff's comment that he was unconcerned about a potential transfer to Fort Madison, a far more restrictive institution than Clarinda. The court agrees that this could be construed as a threat and violation of Rule 14 in that it evidences a lack of concern for the consequences of actions that may be taken.

After reviewing the record, including Officer Huckins' report, the disciplinary committee's decision and Superintendent Dailey's decision, the court finds that there was ample evidence to support a charge of threats/intimidation, verbal abuse and disruptive conduct. The charges against Goff were not filed to punish him for threatening legal claims.

### B. First Amendment Claim

■ Plaintiff's second claim is that his first amendment rights were violated when he was punished for saying to another inmate that a correctional officer "did not get any pussy before work." Goff was charged with violating a correctional institution rule for making this statement. Rule 26 specifically states:

*Verbal Abuse:* An inmate commits verbal abuse when the inmate subjects another person to abusive or defamatory language, remarks, or gestures, in writing or orally, and includes insolence or disrespect to another person.

It is not disputed that Goff made the remark, though he denies making it to Officer Huckins. However, Officer Huckins heard the remark when Goff first made it in the recreational room.

In a prison setting, "an inmate's constitutional freedoms are inhibited to the extent that the exercise of such freedoms is inconsistent with necessities of implementing penal objectives in enforcing prison security." *Guy v. State,* 396 N.W.2d 197, 203 (Iowa App.1986). The Supreme Court has held that a "lesser standard of scrutiny is appropriate in determining the constitutionality of the prison rules." *Turner v. Safley,* 482 U.S. 78, 81, 107 S.Ct. 2254, 2257, 96 L.Ed.2d 64 (1987). Additionally, "[w]hen an applicant asserts a deprivation of a constitutional freedom, he has the burden of proof to show such a constitutional violation by a

preponderance of the evidence." *Williams v. State*, 378 N.W.2d 894, 896 (Iowa 1985).

The prison disciplinary committee decided that Goff's comment violated Rule 26. The inmate's right to free speech in the prison context with its emphasis on discipline and control is curtailed, and disrespectful comments which contribute to lack of discipline are not permitted. *Turner*, 482 U.S. at 89, 107 S.Ct. at 2261 ("when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). Balancing the respective interests presented, the court concludes that Goff's first amendment rights were not abridged when he was charged with and found to have violated this rule.

C. Due Process Claim

■ Plaintiff's third and final allegation is that his due process rights were violated because the disciplinary committee which found him guilty employed the "some evidence" test as a standard of proof in making its factual determinations. Plaintiff is correct to note the distinction between a standard of review, used by a reviewing court to determine the sufficiency of the evidence, and a standard of proof, which establishes the quantum of evidence a hearing officer or initial hearing body must rely on to find guilt. Determinations of fact made by initial hearing bodies are usually made utilizing a preponderance of the evidence standard. *See e.g., Charlton v. F.T.C.*, 543 F.2d 903, 907–08 (D.C.Cir. 1976). The standard of review used by courts to evaluate prison disciplinary committee findings is the "some evidence"[1] test.

The defendants admit in their answer to plaintiff's amended complaint that, "The disciplinary committee which found Mr. Goff guilty of violating the rules employed the 'some evidence' test as a standard of proof in making their factual determinations." The disciplinary committee's use of the "some evidence" rather than the "preponderance of evidence" standard of proof violated Goff's due process rights.

The court finds, however, that Goff experienced no harm or actual damages as a result of this violation and is not entitled to compensatory damages.[2] *See Graham v. Baughman*, 772 F.2d 441, 446 (8th Cir. 1985) ("In order for a plaintiff in a § 1983 action to be entitled to compensatory damages for a violation of procedural due process, he must prove that the violation actually was the cause of his injury or deprivation."). An award of nominal damages of $1.00 is appropriate compensation. *Graham*, 772 F.2d at 447 (citing *Carey v. Piphus*, 435 U.S. 247, 260, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978)) ("the denial of procedural due process should be actionable for nominal damages without proof of actual injury[ ]").

III. ORDER FOR JUDGMENT

Based on the foregoing,

1. IT IS ORDERED that judgment be entered in favor of the plaintiff for nominal damages of $1.00 on his due process claim.

2. IT IS FURTHER ORDERED that judgment be entered for defendants on all remaining claims.

ON MOTION TO ALTER OR
AMEND JUDGMENT

This is a prisoner action under 42 U.S.C. § 1983. Plaintiff is represented by ap-

---

**1.** "The established rule [is] that due process is violated unless prison disciplinary committee members possess 'some evidence' before finding an inmate guilty of breaking institution rules ..." *Engel v. Wendl*, 921 F.2d 148, 150 (8th Cir.1991); *see Wilson v. Farrier*, 372 N.W.2d 499, 502 (Iowa 1985); *Hair v. State*, 401 N.W.2d 198, 200 (Iowa App.1986).

Defendants in their post-trial brief cite *Engel v. Wendl* for the proposition that "[t]he 'some evidence' standard is the proper standard to be applied by the hearing officer." Defendant's reliance on *Engel* for this point unduly expands the holding. The *Engel* court simply held that it

was a violation of due process to determine an inmate in violation of a rule without any evidence. The case does not authorize hearing officers or disciplinary committees to utilize a "some evidence" standard when making factual determinations.

**2.** Although it is important for a prison disciplinary committee to apply the proper standard when determining facts, the court notes that the facts in this case were not in dispute. The issue presented was whether inmate Goff's conduct, which was not contested, violated institutional rules.

pointed counsel. Defendants have filed a timely Motion to Alter or Amend Judgment and plaintiff has resisted.

## BACKGROUND

Several weeks prior to trial plaintiff moved to amend his complaint to assert that the disciplinary committee violated his due process rights by using "some evidence" as a "standard of proof" in making factual determinations. Defendants resisted on grounds that this was the proper standard. The court granted permission to amend. The allegation was admitted by defendants in their answer to the amendment.

The case was tried before the undersigned on November 13, 1991. In the Memorandum Opinion and Order (cited below as "slip op.") the court found for defendants on all claims except plaintiff's contention that he was denied due process in the disciplinary hearing. Plaintiff was awarded only nominal damages for the due process violation because he failed to prove actual damage.

In its Memorandum Opinion and Order the court held that "[p]laintiff is correct to note the distinction between a standard of review, used by a reviewing court to determine the sufficiency of the evidence, and a standard of proof, which establishes the quantum of evidence a hearing officer or initial hearing body must rely on to find guilt." At 981. The court stated that defendants' interpretation of *Engel v. Wendl*, 921 F.2d 148 (8th Cir.1991), "unduly expanded" the holding of that case. At 981 n. 1. It was held that "[t]he disciplinary committee's use of the 'some evidence' rather than 'preponderance of the evidence' standard of proof violated Goff's due process rights." *Id.* at 981.

In their motion to alter or amend judgment defendants contend the court erred

regarding this standard of proof issue, and ask that judgment be entered for them.

## ANALYSIS

*1. Distinction between standard of proof and standard of review.*

■ Defendants assert that the court erred in drawing a distinction between a standard of proof and a standard of review. They contend that in prison disciplinary cases there is no distinction.[1]

Defendants rely upon the leading case of *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). In *Hill* the Supreme Court held that it is a violation of an inmate's due process rights for a disciplinary committee to render a decision which is not "supported by some evidence in the record." *Id.* at 454, 105 S.Ct. at 2773. That is, due process is violated if the committee's decision is "without support or otherwise arbitrary." *Id.* at 457, 105 S.Ct. at 2775. The *Hill* court says, in the same paragraph which contains language quoted by defendants, "[t]he fundamental fairness guaranteed by the Due Process Clause does not require *courts* to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456, 105 S.Ct. at 2774 (emphasis added). It is evident the Supreme Court is discussing the circumstances under which a *court* should find there was insufficient evidence to support the result, not the standard of proof the *committee* must use in making its decision ab initio.

Whether *Hill* addressed the proper standard of proof is discussed briefly in *Brown v. Fauver*, 819 F.2d 395 (3rd Cir.1987):

> [I]f [a state regulation requires a "substantial evidence" standard of proof], then the district court was incorrect in relying on *Superintendent v. Hill, supra.* In *Hill*, the Court did not address

---

1. The use of the phrase "standard of review" in the Memorandum Opinion may have been misleading. This court does not engage in appellate review of disciplinary decisions, but rather determines in the first instance whether plaintiff's due process rights have been violated. Because the phrase "standard of review" was used in the decision and adopted by the parties, it will continue to be used in this ruling, with the understanding that what is actually meant is the "standard for determining whether plaintiff's due process rights were violated because the findings of the disciplinary board are not supported by some evidence in the record." The need for a shorthand characterization of this is evident.

whether the Constitution required a particular burden of proof ... *Hill* only spoke to issues involving the standard of appellate review.

*Id.* at 399 n. 4. Defendants' reliance on *Hill* is misplaced because standard of proof was not an issue in that case.

Defendants fail to grasp that plaintiff contends his due process rights were violated in two relevant ways, not one: (1) By the committee's making a decision which is not supported by the evidence; and (2) by applying the wrong standard of proof.[2] That there is a distinction between standard of proof and standard of review may be clearer when viewed in this light.

Defendants' contention that there is no distinction between a standard of proof and a standard of review in the context of a prison disciplinary case is rejected. *See Brown,* 819 F.2d at 398–99 (prison disciplinary case; "burden of proof" and "standard of review" treated as different things); *see also Woodby v. Immigration and Naturalization Service,* 385 U.S. 276, 282, 87 S.Ct. 483, 486, 17 L.Ed.2d 362 (1966) (distinguishing burden of proof and scope of review).

### 2. *Standard of proof.*

Defendants contend that even if there is a technical distinction between a standard of proof and a standard of review, both standards are the same in prisoner cases: "Some evidence." They assert "the Court was wrong in requiring a preponderance of evidence standard," citing *Engel v. Wendl,* 921 F.2d 148 (8th Cir.1991), in support of their position.

■ Neither party disputes that prison inmates have a liberty interest in good time which entitles them to some due process before being disciplined. *See Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The question is whether due process requires something more than a "some evidence" standard of proof. The requirements of due process are determined by considering three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976). In holding that due process requires a standard of proof in termination of parental rights cases of at least clear and convincing evidence the United States Supreme Court has stated:

> [T]he Court's ... decisions concerning constitutional burdens of proof have not turned on any presumption favoring one particular standard. To the contrary, the Court has engaged in a straightforward consideration of the factors identified in *Eldridge* to determine whether a particular standard of proof in a particular proceeding satisfies due process.

*Santosky v. Kramer,* 455 U.S. 745, 754, 102 S.Ct. 1388, 1395, 71 L.Ed.2d 599 (1982).

### 3. *Eldridge factors.*

■ The first factor identified in *Eldridge* is the private interest that will be affected by the official action. The inmate's interest is in not being erroneously disciplined. The consequences of such discipline may vary, but in this case plaintiff initially lost sixteen days of good time.[3] As a result of a disciplinary decision the

---

**2.** Perhaps an analogy to litigation in trial courts will clarify this point. In a civil case tried to the court the court must apply a standard of proof, usually preponderance of the evidence, and make findings based on that standard. In a jury case the jury finds the facts, usually by a preponderance, and applies the law given by the court to the facts to reach a result. On appeal error may be predicated upon (1) failure to apply the proper standard of proof, for instance if the court recited in its opinion that it had required proof beyond a reasonable doubt; and (2) absence of substantial evidence in the record to support the result.

**3.** This was the maximum allowed for inmates sentenced prior to July 1, 1983. *See* Iowa Code § 903.6 (1991); Iowa Code § 246.41 (1983). Goff's loss of good time was suspended.

inmate may be deprived of his liberty for a longer period than otherwise would be the case. This is an important "private interest." *See Addington v. Texas*, 441 U.S. 418, 425, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979).

The second *Eldridge* factor is "the risk of erroneous deprivation of such interest through the procedures used" and the probable value of safeguards. The risk of an erroneous deprivation of an inmate's liberty interest is high if the some evidence standard is applied. It has been held that a reporting officer's report constitutes some evidence. *Brown v. Frey*, 807 F.2d 1407, 1414 (8th Cir.1986) ("additional report" by officers was in itself sufficient to satisfy "some evidence" test). It has been suggested that even a report which does not contain an eyewitness statement by the reporting officer may constitute some evidence. *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir.1990) (secondhand recital in disciplinary report of nurse's observations). At least when the report contains direct evidence of the violation, the some evidence standard makes it likely the inmate will be found guilty, regardless of the amount of evidence he brings or the doubt he casts upon the report.

This *Eldridge* factor is of great importance in this case. The inmate either engaged in the acts described in the report or he did not. Under the standard of proof proposed by defendants an inmate could be found to have acted in a way which violates a rule even if the greater weight of the evidence is that he did not. This would be an erroneous result. The risk of an erroneous result if some evidence is allowed to be the standard of proof is therefore significant, and the probable value of the procedural safeguard of requiring a preponderance standard is considerable.

The third *Eldridge* factor is the interest of the government. The government has a strong interest in accurate imposition of punishment; it also has, especially in the prison setting, a strong interest in swift and certain punishment for offenses. *See Wolff v. McDonnell*, 418 U.S. 539, 563, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974). This is why some due process procedures, such as a right to counsel or to cross-examine witnesses, are not constitutionally required in prison disciplinary cases. *Id.* at 569–70, 94 S.Ct. at 2981. Requiring at least a preponderance standard of proof will, however, impose no great burden; the need to produce additional evidence in close cases will be offset by the benefit to the government of decisions which are more likely to be correct. *See United States ex rel. Miller v. Twomey*, 479 F.2d 701, 717–18 (7th Cir.1973), *cert. denied* 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1974) ("neither the state nor the inmate has any valid interest in treating the innocent as though he were guilty."). It is unlikely the requirement will impose any fiscal burden.

Application of the *Eldridge* factors requires a holding that the some evidence standard of proof violates due process, and that a standard of at least a preponderance is required.[4] *Cf. Brown v. Fauver*, 819 F.2d 395, 398–99 (3rd Cir.1987) (expressing "grave doubts" about constitutionality of regulation if interpreted to allow substantial evidence standard of proof).

4. *The Engel case.*

Defendants rely upon *Engel v. Wendl*, 921 F.2d 148 (8th Cir.1991), contending the case was misconstrued in the Memorandum Opinion and Order.

The district court in *Engel* determined plaintiff's due process rights were violated because the committee decision was not supported by "some evidence." *Id.* at 149.[5]

*Cf. Addington v. Texas*, 441 U.S. 418, 426–29, 99 S.Ct. 1804, 1809–11, 60 L.Ed.2d 323 (1979) (civil commitment proceeding).

---

4. It has been determined in the Third Circuit, though without analysis or citation of authority, that a "beyond a reasonable doubt" standard is not required. *See Rusher v. Arnold*, 550 F.2d 896, 899 (3rd Cir.1977); *see also McGinnis v. Stevens*, 543 P.2d 1221 (Alaska 1975). It could be argued that an intermediate standard, such as "clear and convincing," is necessary, given the quite lengthy deprivations of liberty which may ensue at ISP from a disciplinary hearing.

5. Engel had succeeded on this issue in state court. He brought a section 1983 suit in federal court. Defendants moved for summary judgment on qualified immunity grounds. Plaintiff filed a cross-motion for summary judgment, apparently on preclusion grounds. Defendants

On appeal defendants challenged the court's denial of qualified immunity. The Court of Appeals noted that due process is violated if the committee members make a decision without at least "some evidence" to support it, and held that it was clear at the time the committee decision was rendered the committee would be violating the prisoner's due process rights if it convicted him without any evidence. *Id.* at 149–50. The committee members were therefore not entitled to qualified immunity. *Id.* at 150.

Nowhere in the Eighth Circuit's opinion in *Engel* is there any indication the quantum of proof required by the committee was only some evidence. Given the position of the Attorney General here, it may well be that the committee in *Engel* used some evidence as a standard of proof. There is, however, no reason to believe plaintiff raised the standard of proof issue in district court, and no indication the district court ruled on such a claim.[6] *Engel* is totally inapposite.

### 5. *Impartial decisionmaker.*

Defendants' contention that the *Hill* some evidence standard should apply to disciplinary decisions is incorrect for another reason. The Supreme Court requires an impartial decisionmaker in prisoner disciplinary proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 570–571, 94 S.Ct. 2963, 2981–82, 41 L.Ed.2d 935 (1974). A disciplinary committee which applies the *Hill* standard becomes a reviewing board, and one which reviews on a very lenient standard. This means most of the fact-finding function devolves on the officer writing the report. The reporting officer, who is the inmate's accuser, is not an impartial decisionmaker. Allowing the committee to use a some evidence standard would weaken the protection provided by the impartial decisionmaker requirement. The extremely deferential standard of review provided in *Hill* is only appropriate for review of a decision made by an impartial decisionmaker.

### 6. *Conclusion.*

It is undisputed that the standard of proof used by the disciplinary committee was some evidence. Defendants assert that even if the inmate presents the greater weight of evidence, he may constitutionally be found guilty.[7] Yet in *Graham v. Baughman,* 772 F.2d 441, 445 (8th Cir. 1985), the court said: "[A]s is many times the case with disciplinary proceedings, this was a swearing contest between the inmate and the charging officer." In the leading case on prisoner rights, *Wolff v. McDonnell,* 418 U.S. 539, 583, 94 S.Ct. 2963, 2988, 41 L.Ed.2d 935 (1974), the United States Supreme Court said: "[an inmate in a disciplinary hearing] faces a severe credibility problem when trying to disprove the charges of a prison guard." Given that a disciplinary report constitutes some evidence, there would be little point in a swearing contest, and little point in bolstering credibility, if some evidence were a sufficient standard of proof. The due process protections afforded prisoners in these cases would be meaningless formalities if defendants were correct.

did not resist, and the motion was granted. Defendants' motion was denied.

**6.** The *Engel* defendants lost in district court and were therefore the appellants. There was no cross-appeal. The district court decision for plaintiff was affirmed. Given the procedural posture of *Engel* an affirmance could not support these defendants' position, ignoring for the moment that the opinion in *Engel* does not mention a standard of proof issue and that there is no indication such an issue was before the district court. If the district court had held that some evidence was the correct standard of proof, defendants would not raise that issue on appeal, and in the absence of a cross-appeal it would *not* be decided. If the district court had held that some evidence was not the proper standard of proof, and defendants had raised the issue on appeal, an affirmance could not be authority that some evidence *is* the proper standard of proof. *Engel* could be controlling authority for defendants' position only if it were a reversal or if the prisoner had appealed.

**7.** Defendants suggest that it does not matter what standard of proof the committee used; that it could have required "proof of guilt beyond a reasonable doubt or simply flipped a coin...." In fact, if the committee used the coin-flip technique an inmate would have a substantially better chance of prevailing than he *does under the standard defendants propose.*

Defendants' contention that the standard of proof in disciplinary cases is, or constitutionally may be, some evidence is without merit. The motion to alter or amend judgment is denied.

IT IS SO ORDERED.