9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff-Appellant,
v.
Larry SKEEN, et al., Defendants-Appellees.
 No. 92-2070.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.[1]
Decided Oct. 6, 1993.
 
 Before BAUER, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James E. Williams, an inmate at the Pontiac Correctional Center in Illinois, filed a civil rights action under 42 U.S.C. Sec. 1983, alleging that defendants, three correctional officers, used unnecessary force against him and falsified disciplinary reports. The court entered partial summary judgment in favor of defendants on the claim alleging that plaintiff was denied due process at the disciplinary hearing. In regard to the remaining claim of excessive force, a jury found in favor of defendants. Williams appeals from both judgments.
 
 FACTS
 
 2
 In April 1988, Williams was transported to the Livingston County Courthouse. After the court ruled against plaintiff in a civil case, Williams became violent. Leaving the courthouse, while Williams was restrained in waist chains and cuffs, Officer Skeen placed him in a choke hold. Williams bit Skeen. Officer Health then grabbed Williams around the throat. Williams bit Heath. Officer Gundy also became involved. Williams alleges further that the three officers then filed false disciplinary reports against him.
 
 
 3
 The disciplinary reports charge Williams with assault, insolence, violation of rules, escape, dangerous disturbance, unauthorized movement, disobeying a direct order, violation of state or federal laws and creating a health, fire and safety hazard. The officers stated in the reports that Williams attempted to break free, biting and scratching Skeen and Heath, and trying to grab a pistol from them.
 
 
 4
 In April 1988, the Adjustment Committee found Williams guilty of all offenses charged. It revoked 360 days of good time, demoted him to "C" grade for 360 days, and required him to serve 360 days in segregation.
 
 
 5
 Williams subsequently filed this action. In March 1992, the district court granted in part defendants' motion for summary judgment, finding that Williams failed to state a claim for a due process violation. The court found that a question of fact remained as to whether Skeen and Heath used excessive force, and a jury trial was held. The jury found in favor of defendants.
 
 DISCUSSION
 
 6
 A. Malicious prosecution.
 
 
 7
 Williams contends that as part of his due process claim he alleged malicious prosecution, which the district court ignored. This issue has been waived since it was not raised below until after summary judgment had been entered. Coulter v. Vitale, 882 F.2d 1286, 1289 (7th Cir.1989). Notwithstanding this waiver, under Illinois law a claim for malicious prosecution must allege facts showing: (1) the commencement or continuance of an original criminal or civil judicial proceedings by the defendant[2]; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. Meerbrev v. Marshall Field & Company, Inc., 139 Ill.2d 455, 472, 564 N.E.2d 1222 (1990); Joiner v. Benton Community Bank, 82 Ill.2d 40, 4111 N.E.2d 229 (1980). Plaintiff here clearly was not successful in the disciplinary proceedings, and thus fails to allege facts establishing the second element.
 
 
 8
 Furthermore, while the issue of whether the common law tort of malicious prosecution is a federal constitutional wrong which may be remedied under 42 U.S.C. Sec. 1983 is an open question (Albright v. Oliver, 975 F.2d 343 (7th Cir.1992), cert. granted, 61 U.S.L.W. 3596 (March 2, 1993) (No. 92-883)), nothing in the record here establishes malicious prosecution of "constitutional magnitude" such that it deprived plaintiff of liberty or property without due process of law. See Biddle v. Martin, 992 F.2d 673 (7th Cir.1993); Mahoney v. Kesery, 976 F.2d 1054 (7th Cir.1992).
 
 B. Summary Judgment on Due Process Claim
 
 9
 Williams argues that summary judgment was improper because factual disputes remain regarding the question of whether the disciplinary hearing violated his rights to due process. We review the district court's summary judgment determination de novo. Marshall v. Allen, 984 F.2d 787 (7th Cir.1993). In conducting this review, we consider the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 10
 The minimum requirements of procedural due process in a prison disciplinary hearing include (1) advance written notice of the charges; (2) the opportunity to call witnesses and present documentary evidence, if doing so will not jeopardize the safety of the institution; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 557 (1974).
 
 
 11
 These procedural requirements were met here and Williams does not really argue otherwise. See Cain v. Lane, 857 F.2d 1139 (7th Cir.1988). Instead, Williams maintains there was insufficient evidence to support the disciplinary board's decision. Requirements of due process are met if "some evidence" supports the decision. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985).[3] To determine whether a prison official used excessive force in violation of the eighth amendment, we must consider "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973).
 
 
 12
 Here, the committee found the officers' testimony credible. The officers testified that Williams tried to get away from Skeen by spinning around and jerking away, and then reaching for Heath's gun. Williams struck Heath in the arm; bit both Heath and Skeen; and kicked Gundy. A prisoner in the act of escape may pose a serious threat to members of the community and prison officials must take reasonable measures to prevent an escape. Kinney v. Indiana Youth Center, 950 F.2d 462, 465 (7th Cir.1991). Moreover, the extent of the threat to the safety of staff is a relevant factor to take into consideration, as reasonably perceived by the responsible officials on the basis of the facts known to them and any efforts made by them to temper the severity of a forceful response. Whiteley v. Albers, 475 U.S. at 321. The evidence here failed to show intent to maliciously or sadistically cause harm to Sullivan. The evidence sufficiently supports the committee's decision.
 
 
 13
 Williams argues that he has a fundamental right "not to have state officials make purposefully false statements" about him. An allegation that a prison guard offered false evidence or false reports in order to implicate an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in Wolff are provided. Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir.1984). The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987).
 
 C. Racial Composition of Jury
 
 14
 Williams argues that the venire contained no black people, which was not reflective of Peoria, which "has a substantial number of colored people." In addition, voir dire was unfair because several pages were missing from the jurors' questionnaire sheets, "disadvantaging me as pro se to follow the proceedings on my inquiry for selection and or striking." Williams waived this issue by not raising it in the district court. Michaels v. Michaels, 767 F.2d 1185, 1203 (7th Cir.1985), cert. denied, 474 U.S. 1057 (1986); Gonzales v. Volvo of America Corp., 752 F.2d 295, 298 (7th Cir.1985). See also King v. Jones, 824 F.2d 324, 326 (4th Cir.1987) (waiver of Batson issues where no timely objection was made as required by Fed.R.Civ.P. 46).
 
 D. Motion in Limine
 
 15
 Williams contends that the district court erred in granting defendant Heath's motion in limine to bar use of Heath's prior felony convictions. "It was very important to allow the jury to know that Robert W. Heath was serving a term of five years felony probation after conviction for drug conspiracy after my claims for malicious prosecution had been wiped from the slate." Williams has again waived the issue by making no objection in the district court to defendants' motion in limine. Howland v. Kilquist, 833 F.2d 639, 643 (7th Cir.1987).
 
 
 16
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Illinois has not determined whether a prison disciplinary proceeding would fall under the definition of "judicial proceeding." Cf. Greer v. DeRobertis, 568 F.Supp. 1370 (N.D.Ill.1983) (prison disciplinary hearing is not the type of adversarial hearing which can give rise to a claim for malicious prosecution)
 
 
 [3]
 Defendant cites Goff v. Dailey, 789 F.Supp. 978 (S.D.Iowa 1992) for the proposition that a "preponderance of evidence" standard is required. The Eighth Circuit affirmed in part, but reversed the district court's holding that the use of a "some evidence" standard violated plaintiff's right to due process. 991 F.2d 1437, 1438 (8th Cir.1993)