McMILLAN, Judge.
The appellant, Willie Lacey, an inmate, was found guilty following a disciplinary hearing of violating Rule 90, i.e., consuming, using, or being under the influence of alcohol, narcotics, or another intoxicant. The record indicates that the appellant was directed to provide a correctional officer with a urine specimen, which tested positive for cocaine. The appellant was then served with a notice of pending disciplinary action, and he requested no witnesses. At the disciplinary hearing, the arresting officer and the appellant testified. The appellant was found guilty as charged; he appeals the disciplinary action.
I
The appellant argues that a proper chain of custody for the urine specimen was not established at the hearing. The Department of Corrections contends that this issue was not preserved for review because the appellant failed to raise it to the work release director or in his original petition for a writ of habeas corpus. The record indicates that the appellant did not raise this matter by objection at the disciplinary hearing. Therefore, this matter is precluded from appellate review. See Bush v. State, 616 So.2d 394 (Ala.Cr.App.1993); Walden v. State, 552 So.2d 192 (Ala.Cr.App.1989).
II
The appellant argues that he received insufficient notice of the charge against him, because, he says, the notice should have included, but did not include, the statement that the drug use took place “within the last 30 days.” The appellant cites Harmon v. Auger, 768 F.2d 270 (8th Cir. 1985), in support of his claim. The record indicates that the appellant did not object to the adequacy of notice at the disciplinary hearing and, thus, waived this matter. See Bush v. State, supra. Cf. Nichols v. State, 629 So.2d 51 (Ala.Cr.App.1993) (notice to the defendant appears to be procedural rather than jurisdictional prerequisite for purposes of application of the Habitual Felony Offender Act). However, the State, in its response to the petition, addressed this claim on the merits. Counsel for the Department of Corrections stated:
“Petitioner’s claim that due process was violated when he was not apprised as to the time when the rule infraction occurred is without merit. Petitioner cites the Eighth Circuit decision as the basis for his assertion. ' It should be noted that in Harmon, cited by Petitioner, the inmates were accused of possession of contraband, not consumption of or use of alcohol, narcotics, etc.
“Respondent is not aware of any precedent, in Alabama State Court or the Eleventh Circuit, which requires the notice demanded by Petitioner.
“The notice given Petitioner was sufficient to apprise him of the charges against which he must defend.”
In its order, the trial court also addressed this contention on the merits, finding that the appellant was afforded all due process rights. Therefore, this court may not affirm on procedural grounds not asserted previously a judgment based on some alleged substantive error. Ex parte Williams, 571 So.2d 987, 989 (Ala.1990); Tedder v. State, 586 So.2d 50 (Ala.Cr.App.1991); Henderson v. State, 570 So.2d 879 (Ala.Cr.App.1991); Owes v. State, 638 So.2d 1383 (Ala.Cr.App.1993).
In Harmon v. Auger, 768 F.2d at 276, the Eighth Circuit Court of Appeals held that inmates must be given adequate notice of the approximate date of the alleged possession, and that where the possession was proved by *338 an EMIT-ST test, which detects the ingestion of THC, the chief intoxicant in marijuana, within a 30-day period, the inclusion of language that the marijuana was consumed within 30 days was sufficient notice of the date.[1] The Eighth Circuit Court of Appeals stated:
“Appellants also challenge the notice they received ordering them to respond to charges of violating prison rules. Noting that inmates must receive notice of the charges to which they are to respond, Wolff [v. McDonnell], 418 U.S. [539,] 564, 94 S.Ct. [2963,] 2978, [41 L.Ed.2d 935 (1974) ], they argue that the reports they received were inadequate. Both inmates were charged with ‘possession of contraband.’ They received reports stating that the urine samples obtained on particular dates in December 1982 were positive for THC. The Magistrate ruled that notices should state there was consumption of marijuana within 30 days of the test. Although the Magistrate held in favor of appellants on this issue, they appeal because they contend the notice requirements issued by the Magistrate do not go far enough.
“The Magistrate held as follows:
“... where the exclusive evidence that prison authorities have that a prisoner is guilty of possessing drugs in violation of disciplinary rules is based on data from an EMIT-ST test, the notice of the charge need not contain the specific date and location on which the violation occurred.
“... At least the general time of a drug possession offense must be specified when the only evidence of the offense consists of the results from an EMIT-ST test. The scientific testimony indicates that ingestion of THC must occur within thirty days prior to a positive result for THC and an EMIT-ST test. Thus, the disciplinary notice could have and should have stated a thirty day range in which the possession offense took place.
“Appellants note that the EMIT machine cannot locate with precision the date on which the subject smoked marijuana. They argue that the remedy proposed by the Magistrate is inadequate because it is almost impossible to present a defense when the date is not identified more precisely. They rely on Rinehart v. Breiver, 483 F.Supp. 165 (S.D.Iowa 1980) where the court held due process was not satisfied when a prisoner was charged with extorting sexual favors some time in the recent past.
“We conclude that appellant inmates have adequate notice of charges and can prepare defenses under the accommodation proposed by the Magistrate. Inmates can challenge the accuracy of test results and raise the defense of passive inhalation. The machine is about 95 percent accurate and will detect traces of THC up to 30 days after the subject ingests marijuana. Test results form a sufficient basis for disciplinary action and foster the objective of preventing drug usage at the Reformatory. Appellees assert that the requirement that authorities identify a specific date of possession would eliminate the usefulness of the urine analysis testing program as a tool to further the State’s interest.”
768 F.2d at 276. See also Spence v. Farrier, 807 F.2d 753, 757 (8th Cir.1986) (“With regard to appellants’ assertion that notice is insufficient, that issue was not raised in the pleadings and will not be addressed. The matter is now moot for the reason that Iowa State Penitentiary presently follows the notice requirements mandated in Harmon v. Auger at 277.”).
In Harrison v. Dahm, 911 F.2d 37, 41 (8th Cir.1990), the appellant argued that his due process rights were violated because he said the disciplinary committee did not give him *339 written notice of the results of his EMIT test before the hearing. The appellant in Harrison v. Dahm did not dispute that he received written notice of the alleged disciplinary violation, but claimed that he was unable to defend himself without notice of the test results. The Eighth Circuit Court of Appeals stated:
“Not only is it beyond belief that Harrison could not anticipate that the test results would be positive, but, as earlier stated, his argument lacks any support in the case law. Wolff requires only that Harrison be given written notice of the charges against him no less than twenty-four hours before the hearing. Wolff, 418 U.S. at 564, 94 S.Ct. at 2978. He got written notice on the morning of January 27 that he was charged with ‘5-5 I-H Drug or Intoxicant Abuse,’ and that the hearing was set for the morning of January 29....
“... As to the test results, Harrison was informed at the disciplinary hearing that the EMIT test was positive for marijuana, and was given an opportunity to view the card on which the test result was recorded. Transcript of Hearing before U.S. Magistrate at 81, 125, 188. Harrison did not seek out the test result before the hearing, as he could have done, id. at 128, 153-55, and he asked no questions about the result when shown the result card at the hearing. Id. at 188.”
911 F.2d at 40-41.
In this ease, the notice of pending charges against the appellant included the date on which the appellant was tested. Clearly the fact that he did not object on the basis of inadequate notice at trial weighs against this argument. Cf. Kuenzel v. State, 577 So.2d 474, 489 (Ala.Cr.App.1990), affirmed, 577 So.2d 531 (Ala.), cert. denied, — U.S.-, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). See also Harrison v. Dahm (wherein the court noted the appellant’s failure to react to, or to attempt to rectify, the alleged error during the hearing). There is no indication in the record concerning the specifics of the test, including the type of test despite the references in brief to cases dealing with the EMIT, or whether such a test would trace cocaine for the same period as it would THC.
In this case, the appellant was given the opportunity to defend against the accuracy of the test results and, in fact, the petitioner’s testimony was that he had not taken any drugs and that the test results must have been in error. The record indicates that the appellant’s sample was tested twice for the presence of cocaine and tested positive both times.
Under the facts of the present ease, the appellant’s due process rights were not violated. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). He received adequate notice of the charges to which he was required to respond. Wolff, 418 U.S. at 564, 94 S.Ct. at 2978, 41 L.Ed.2d at 955.
AFFIRMED.
All Judges concur.

. While Alabama circuit courts, in accordance with federal law, have found that the EMIT test is reliable and is sufficient to provide "some evidence” of an inmate's alleged use of controlled substances, Heidelburg v. State, 522 So.2d 337, 339 (Ala.Cr.App.1988), there is no indication in case law that this test is designed to detect the presence of any narcotic other than marijuana. See Works v. State, 575 So.2d 622 (Ala.Cr.App.1991); Driver v. State, 576 So.2d 675 (Ala.Cr.App.1991).